# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES NEWTON,

    Plaintiff,

v.

STATE OF NEVADA et al.,

    Defendants.

2:16-cv-01995-JCM-GWF

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada department of corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-2, 4). The matter of the filing fee shall be temporarily deferred. The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison

Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a

1 complaint states a plausible claim for relief . . . [is] a context-specific task that requires the
2 reviewing court to draw on its judicial experience and common sense." *Id*.

3 Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua
4 sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes
5 claims based on legal conclusions that are untenable (e.g., claims against defendants who are
6 immune from suit or claims of infringement of a legal interest which clearly does not exist), as
7 well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).
8 *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d
9 795, 798 (9th Cir. 1991).

**II.    SCREENING OF COMPLAINT**

In the complaint, plaintiff sues defendants state of Nevada and caseworker Levitt for events that took place while plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-2 at 1-2). Plaintiff alleges two counts and seeks monetary damages. (*Id.* at 5, 9).

The complaint alleges the following: On August 16, 2016, plaintiff spoke to Levitt about one of his kites. (*Id.* at 3). Specifically, plaintiff spoke to Levitt about getting his financial certificate executed. (*Id.*) Levitt responded that the financial certificate form was not an NDOC form and, thus, Levitt could not do anything to help plaintiff. (*Id.*) Plaintiff tried to explain that the accounting department or inmate services had to fill out the financial certificate and then return it to plaintiff. (*Id.*) Levitt responded, "Oh well." (*Id.*) Levitt violated plaintiff's civil rights by denying plaintiff a "proper paper needed to proceed *in forma pauperis* in his other cases which [were] under threat of being dismissed." (*Id.*) Levitt caused plaintiff to worry about his other cases "which [have] yet to be filed as they wait for a completed financial certificate and could possibly be dismissed." (*Id.* at 4). Plaintiff alleges mental anguish (count I) and due process in filing court documents (count II). (*Id.* at 4-5).

The court interprets the allegations as a claim for denial of access to the courts. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id*. at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id*. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id*. at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id*. at 353 n.3, 354-55.

The court finds that plaintiff fails to state a colorable claim for denial of access to the courts. Plaintiff has not established actual prejudice due to Levitt's inability to help plaintiff acquire a financial certificate from the accounting department or inmate services. Based on the allegations, plaintiff had not initiated any lawsuits for the cases he was awaiting financial certificates for. As a result, plaintiff's cases were not at risk of being "dismissed" for lack of a financial certificate if plaintiff had never initiated a lawsuit. The court dismisses this claim, without prejudice, with leave to amend.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v.*

4

*Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. Moreover, plaintiff must file the amended complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The court notes that if plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order. If plaintiff chooses not to file an amended complaint curing the stated deficiencies, the court will dismiss this action, with prejudice, for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that, if plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, plaintiff shall file the amended complaint within thirty (30) days from the date of entry of this order.

IT IS FURTHER ORDERED that the clerk of the court shall send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-2). If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///

IT IS FURTHER ORDERED that, if plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed, with prejudice, for failure to state a claim.

DATED: May 18, 2017.

_____
United States District Judge